IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND and CARPENTERS WELFARE, PENSION AND RETIREMENT SAVINGS FUNDS OF ILLINOIS, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 03-3250 |
| JAY J. OLSEN d/b/a J & L BUILDERS and J & L CONSTRUCTION, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendants Jay J. Olsen d/b/a J & L Builders and J & L Constructions' Joint Motion for Summary Judgment (d/e 17) (Motion for Summary Judgment). Plaintiffs claim that Defendants have violated the Employee Retirement Income Security Act of 1974 (ERISA), by failing to make certain fringe benefit contributions for covered employees. See 29 U.S.C. § 1145. Defendants assert that they are entitled to summary judgment on all three counts of Plaintiffs' Second Amended

1

Complaint (d/e 12). For the reasons set forth below, Defendants' Motion for Summary Judgment is denied.

BACKGROUND

Plaintiff Central Illinois Carpenters Health and Welfare Trust Fund (CICHWTF) is administered pursuant to the Labor Management Relations Act of 1947 and ERISA. CICHWTF is the fringe benefit collection agent for funds administered by the Mid-Central Illinois District Council of Carpenters (Mid-Central). Plaintiff Carpenters Welfare Fund of Illinois, Carpenters Pension Fund of Illinois, and Carpenters Retirement Savings Fund of Illinois (Welfare, Pension, and Retirement Funds) are administered in accordance with the Labor Management Relations Act of 1947 and ERISA. The Welfare, Pension, and Retirement Funds are the fringe benefit collection agents for funds administered by the Heartland District Council of Carpenters (Heartland).

Plaintiffs' Second Amended Complaint is in three counts. Count I, brought by CICHWTF against Jay Olsen d/b/a J & L Builders, alleges that Jay Olsen d/b/a J & L Builders employs individuals who participate in funds administered by CICHWTF. Count I asserts that Jay Olsen d/b/a J & L Builders entered into a Participation Agreement in April 1998, recognizing

2

Mid-Central as exclusive bargaining representative and adopting all collective bargaining agreements to which Mid-Central was a party. The Participation Agreement, Complaint Exhibit A, is signed by Jay Olsen as owner of J & L Builders. Count I alleges that the Participation Agreement obligated Jay Olsen d/b/a J & L Builders to make fringe benefit contributions based on a collective bargaining agreement that is attached as Complaint Exhibit B. Count I further alleges that Jay Olsen d/b/a J & L Builders was obligated under ERISA to make fringe benefit contributions pursuant to a Trust Agreement attached as Complaint Exhibit C. According to Count I, an examination of payroll records revealed that Jay Olsen d/b/a J & L Builders failed to pay all of the fringe benefits owed for the period from April 1, 1998, to March 31, 2000.

In Count II, the Welfare, Pension, and Retirement Funds allege that Jay Olsen d/b/a J & L Builders employs individuals who participate in funds that they administer. Count II asserts that Jay Olsen d/b/a J & L Builders entered into a Memorandum of Agreement in May 1997, recognizing Heartland as exclusive bargaining representative and adopting all collective bargaining agreements to which Heartland was a party. The Memorandum of Agreement, Complaint Exhibit F, is signed by Jay Olsen as owner of J &

L Builders. The Welfare, Pension, and Retirement Funds allege that the Memorandum of Agreement obligated Jay Olsen d/b/a J & L Builders to make fringe benefit contributions based on a collective bargaining agreement that is attached as Complaint Exhibit G. Count II further alleges that Jay Olsen d/b/a J & L Builders was obligated under ERISA to make fringe benefit contributions pursuant to Trust Agreements attached as Complaint Exhibits H, I, and J. According to Count II, examinations of payroll records revealed that Jay Olsen d/b/a J & L Builders failed to pay all of the fringe benefits owed for the period from May 1, 1998, to December 31, 1998 and January 1, 1999, to March 31, 2000.

Count III is expressly brought by CICHWTF against Jay Olsen d/b/a J & L Construction. Count III references an August 1997 Participation Agreement, Complaint Exhibit N, with Mid-Central that is signed by Jay Olsen as owner of J & L Construction. Count III alleges that J & L Construction and J & L Builders are a single employer owned and operated by Jay Olsen. According to Count III, Jay Olsen is personally liable for fringe benefits of his employees as alleged in Counts I and II, "regardless of whether they were employed by J&L Construction." Second Amended Complaint, p. 9.

ANALYSIS

Defendants seek summary judgment in their favor on all three counts of Plaintiffs' Second Amended Complaint. At summary judgment, a movant must present evidence that demonstrates the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to the non-moving party. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). Once the moving party has produced evidence showing that it is entitled to summary judgment, the non-moving party must present evidence to show that issues of fact remain. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

Defendants contend that they are entitled to summary judgment on Counts I and II because the undisputed facts show that no collective bargaining agreements required the contributions Plaintiffs seek. Defendants then raise two arguments relating to Count III. Defendants assert that CICHWTF lacks standing to raise issues relating to the claims alleged in Count II and further that Olsen is not personally liable for the

fringe benefits of any employee. Finally, Defendants challenge the audits relied upon by Plaintiffs, asserting that the audits were not made in accordance with generally accepted auditing standards and, thus, cannot be used to determine whether any contributions are owed by Defendants. For the reasons set forth below, Defendants' Motion for Summary Judgment is denied.

Defendants' Motion for Summary Judgment is based in large part on facts that Defendants deem to be admitted by Plaintiffs during discovery. Plaintiffs contest this characterization. In support of their position, Defendants have provided the Court with a document entitled Defendants' Joint First Request for Admissions to Plaintiffs. <u>Motion for Summary Judgment</u>, Ex. B, <u>Defendants' Joint First Request for Admissions to Plaintiffs</u> (Request for Admissions). The Request for Admissions, made pursuant to Federal Rule of Civil Procedure 36, asked Plaintiffs to admit or deny statements, including the following:

> 5. Admit that any collective bargaining agreement in place between Jay J. Olsen and any Plaintiff during the time period of April 1, 1998 to March 31, 2000 did not require the contributions Plaintiffs now seek.
>
> 6. Admit that any collective bargaining agreement in place between J & L Builders and any Plaintiff during the time

>    period of April 1, 1998 to March 31, 2000 did not require the contributions Plaintiffs now seek.
>
> 7. Admit that any collective bargaining agreement in place between J & l Construction and any Plaintiff during the time period of April 1, 1998 to March 31, 2000 did not require the contributions Plaintiffs now seek.
>
>    . . .
>
> 11. Admit that Defendant Jay Olsen is not personally liable for the fringe benefits of his employees who performed covered work regardless of whether they were employed by J & L Construction.

<u>Id</u>.

Counsel for Defendants asserts that Plaintiffs were served with the Request for Admissions on August 24, 2004. <u>See</u> <u>Motion for Summary Judgment</u>, Ex. C, <u>Affidavit of John Pollard</u>. Defendants have supplied the Court with a file copy of a letter dated August 23, 2004, from Andrew Martone to Daniel McLaughlin, with attachments. <u>Defendants' Joint Reply (d/e 24)</u>, Ex. I, <u>Letter from Andrew Martone to Daniel McLaughlin, dated August 23, 2004 (Martone Letter)</u>; Ex. J, <u>Defendants' First Set of Joint Interrogatories Directed to Plaintiffs (Joint Interrogatories)</u>; Ex. K, <u>Defendants' Joint First Request for Production of Documents Directed to Plaintiffs (Request for Production of Documents)</u>; & Ex. L, <u>Request for Admissions</u>. The letter states, "Enclosed please find two copies of

7

Defendants' Joint Interrogatories, Request for Production of Documents, and Requests for Admissions in the above-referenced case. Please contact me if you have any questions." <u>Id</u>., <u>Martone Letter</u>. Defendants have submitted the Affidavit of Mary Pastor, executive legal assistant with defense counsel's firm, Bobroff, Hesse, Lindmark & Martone. Ms. Pastor states that she prepared the Martone Letter, procured Mr. Martone's signature on the letter and the Joint Interrogatories, Request for Production of Documents and the Request for Admissions, photocopied the materials, and mailed copies of the documents to Plaintiffs' counsel, Cavanagh and O'Hara.

Rule 36 allows a party to "serve upon any other party a written request for the admission, . . . of the truth of any matters within the scope of Rule 26(b)(1)." Under the rule, "[t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated." <u>Fed. R. Civ. P. 36</u>.

Plaintiffs never responded to the Request for Admissions.[1]  Plaintiffs, however, assert that they did not receive the Request for Admissions and were unaware of any such request.  Thus, Plaintiffs contend, they had no opportunity to respond.  Plaintiffs have submitted three affidavits from employees of Cavanagh and O'Hara to support this position.  <u>Plaintiffs' Response</u>, Ex. A, <u>Affidavit of Tami Williams</u>; Ex. B, <u>Affidavit of Jamie Boeving</u>; & Ex. C, <u>Affidavit of Daniel M. McLaughlin</u>.  Significantly, Jamie Boeving, an administrative legal assistant with Cavanagh and O'Hara, states that she received the Joint Interrogatories and the Request for Production of Documents on August 24, 2004.  Boeving states that the Request for Admissions was not included in the material received from Bobroff, Hesse, Lindmark & Martone.

As set forth above, a factual dispute clearly exists as to whether the Request for Admissions was served.  To the extent Defendants' Motion for

---

[1] Without citation to evidentiary support, Plaintiffs include the fact that "Plaintiffs never responded to the Defendants' Request for Admissions" in their Statement of Disputed Material Facts.  <u>Plaintiffs', Central Illinois Carpenters Health & Welfare Trust Fund, et al. Response in Opposition to Defendants Jay J. Olsen, d/b/a J & L Builders and J & L Constructions; Joint Motion for Summary Judgment (d/e 19)</u> (Plaintiffs' Response), p. 6.  However, Plaintiffs argue that they never received the Request for Admissions and expressly state that they "never had an appropriate opportunity to respond to the same."  <u>Id</u>. at 8.  It is clear from the parties' submissions that Plaintiffs never responded to the Request for Admissions.

9

Summary Judgment depends on Plaintiffs' failure to respond to the Request for Admissions, it must be denied. See Celotex Corp., 477 U.S. at 323-24. The Court, therefore, rejects Defendants' contention that they are entitled to summary judgment on Counts I and II on their theory that no collective bargaining agreements required the contributions Plaintiffs seek, and the Court rejects their contention that they are entitled to summary judgment on Count III on the theory that Jay Olsen is not personally liable for the fringe benefits of his employees.

      Also with respect to Count III, Defendants contend that CICHWTF lacks standing to raise the issue of contributions owed to the Welfare, Pension, and Retirement Funds. Plaintiffs respond by asserting that the Welfare, Pension, and Retirement Funds are clearly included as a Count III Plaintiff by ¶ 11 of Count III, which incorporates by reference ¶¶ 7 -15 of Count II. Under the minimal requirements of federal notice pleading, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief the pleader seeks"as well as a jurisdictional statement. Fed. R. Civ. P. 8(a). Count III must provide Defendants with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v.

10

<u>Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168 (1993).

An examination of Count III reveals that the count provides fair notice of only one pleader/plaintiff, CICHWTF. Count III begins "NOW COME Plaintiff, CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, (the "Fund"), by its attorneys, Cavangah & O'Hara, complaining of the Defendant, JAY J. OLSEN, d/b/a J&L CONSTRUCTION, and allege as follows: . . . ." <u>Second Amended Complaint</u>, p. 7. The prayer for relief in Count III contains inconsistencies. It provides:

> WHEREFORE, Plaintiffs pray as follows:
> A. That Judgment be entered in favor of the Plaintiff and against Defendant for the amounts prayed for in Count I and Count II of this Complaint;
> B. That Defendant be specifically required to perform and continue to perform all its obligations to the Plaintiff, particularly to furnish the Plaintiff the required contribution reports and payments heretofore referred to, or in lieu thereof, a statement covering the period for which said report is required that Defendant had no employees for whom contributions are required to be made;
> C. That Defendant be decreed to pay to the Plaintiffs its reasonable attorney fees for the amounts prayed for in Count I and Count II of this Complaint;
> D. That Defendant be decreed to pay all costs attendant to these proceedings;

>
> E.  That Plaintiffs be awarded such other and further relief by the court as may be deemed just and equitable, all at Defendant's cost.

Id., p. 9.  The Court notes that sections A and B of the prayer for relief, which request entry of judgment, both refer to a singular Plaintiff.  Reading the prayer for relief together with the introduction to Count III, the Court cannot find that Defendants were provided with fair notice that the Welfare, Pension, and Retirement Funds were also Plaintiffs in Count III.  The fact that Count III incorporates paragraphs from Count II does not make it apparent that the Welfare, Pension, and Retirement Funds are pursuing relief in Count III.  Similarly, the fact that Plaintiffs' counsel sent a draft copy of Count III to defense counsel before filing it with the Court does not alter the result.  Plaintiff bears the burden of meeting the requirements of Federal Rule of Civil Procedure 8.

Defendants argue that CICHWTF lacks standing to raise in Count III issues relating to the claims of the Welfare, Pension, and Retirement Funds set forth in Count II.  Plaintiffs provide the Court with no basis under which CICHWTF would have standing to assert claims of the Welfare, Pension, and Retirement Funds, and the Court's independent review reveals none.  CICHWTF is limited in Count III to pursuing its own claims.

Plaintiffs, in the alternative, request permission to amend Count III in order "to clarify its position." Plaintiffs' Response, p. 11. What Plaintiffs are actually seeking is permission to add the Welfare, Pension, and Retirement Funds as a Plaintiff in Count III. Although the deadline to amend pleadings has passed and the case is at a late stage of the proceedings, as set forth below, given the circumstances surrounding the Request for Admissions, the Court is reopening discovery. Therefore, the Court allows Plaintiffs' request to amend their pleadings. The Second Amended Complaint is amended by interlineation to include the Welfare, Pension, and Retirement Funds as a Plaintiff in Count III.

Finally, Defendants challenge the audits relied upon by Plaintiffs, asserting that the payroll examinations were not made in accordance with generally accepted auditing standards and, thus, cannot be used to determine whether any contributions are owed by Defendants. Defendants further argue that they did not agree to the procedures used in the examinations. The Second Amended Complaint alleges that the examinations were authorized by the Participation Agreement and Memorandum of Agreement, together with the respective collective bargaining agreements and trust agreements. Second Amended Complaint,

p. 2-3, 5-6. As set forth above in the Court's ruling on the Request for Admissions issue, an issue of fact remains as to whether the collective bargaining agreements apply. Moreover, Defendants assert that the audits are insufficient to establish liability, not that Plaintiffs lack any evidence whatsoever of deficient contributions. For these reasons, summary judgment based on alleged deficiencies in the audits is not appropriate. The Court further notes that, to the extent Defendants are challenging the admissibility of the audit information, these issues should be raised in the proper pre-trial motions. Therefore, the Court makes no ruling on the admissibility of the audits or the audit reports at this time, but recognizes that if the issue is raised in a motion in limine, an evidentiary hearing on the matter may be necessary. Defendants' request for summary judgment based on alleged deficiencies in the audits is denied.

THEREFORE, for the reasons set forth above, Defendants' Motion for Summary Judgment (d/e 17) is DENIED. In their Reply, Defendants request that, if their Motion for Summary Judgment is denied, discovery be reopened and a revised scheduling order be entered. Given the circumstances surrounding the Request for Admissions, the Court allows this request. The matter is referred back to Magistrate Judge Evans to enter

a revised scheduling order, establishing both the relevant deadlines and the scope of discovery.

IT IS THEREFORE SO ORDERED.

ENTER: September 12, 2005.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE
