E-FILED
Thursday, 01 June, 2006  11:59:51 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND and CARPENTERS WELFARE, PENSION AND RETIREMENT SAVINGS FUNDS OF ILLINOIS, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  03-3250 |
| JAY J. OLSEN d/b/a J & L BUILDERS and J & L CONSTRUCTION, | ) ) ) | |
| Defendants. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on cross-motions for summary judgment.   See Plaintiffs' Motion for Summary Judgment (d/e 31); Defendants Jay J. Olsen d/b/a J & L Builders and J & L Construction's Joint Motion for Summary Judgment (d/e 33) (Defendants' Motion for Summary Judgment).  Plaintiffs' Second Amended Complaint (d/e 12) alleges that Defendants have violated the Employee Retirement Income Security Act of 1974 (ERISA) by failing to make certain fringe benefit contributions for

covered employees.  See 29 U.S.C. § 1145.  For the reasons set forth below,

Plaintiffs' Motion for Summary Judgment is allowed, in part, and denied,

in part.  Defendants' Motion for Summary Judgment is denied.[1]

BACKGROUND

Plaintiff Central Illinois Carpenters Health and Welfare Trust Fund

(CICHWTF) is administered pursuant to the Labor Management Relations

Act of 1947 and ERISA.  CICHWTF is the fringe benefit collection agent

for funds administered by the Mid-Central Illinois District Council of

Carpenters (Mid-Central).  Plaintiff Carpenters Welfare Fund of Illinois,

Carpenters Pension Fund of Illinois, and Carpenters Retirement Savings

Fund of Illinois (Welfare, Pension, and Retirement Funds) are administered

in accordance with the Labor Management Relations Act of 1947 and

ERISA.  The Welfare, Pension, and Retirement Funds are the fringe benefit

collection agents for funds administered by the Heartland District Council

---

[1]Plaintiffs have also filed a Motion to Strike Defendants' Joint Reply to Plaintiffs'
Response to Motion for Summary Judgment (d/e 40).  The Court notes that Magistrate
Judge Evans had granted Defendants belated leave to file a reply in excess of the page
limits established by local rule.  Text Order, dated April 28, 2006. Thus, Plaintiffs'
request to strike on this basis is denied.  Moreover, the Court finds that the Olsen
Affidavit that is attached to Defendants' Joint Reply (d/e 39) as Exhibit Y, addresses
additional material facts raised in Plaintiffs' Response.  Furthermore, Plaintiffs have
failed to demonstrate that they are prejudiced by the 5-paragraph Affidavit.  The Motion
to Strike is denied.

of Carpenters (Heartland).

J & L Construction and J & L Builders are sole proprietorships that were at all relevant times owned by Jay J. Olsen.  It is Defendants' position that J & L Construction and J & L Builders are separate businesses engaged in different types of work.  Olsen has filed an Affidavit stating that J & L Construction and J & L Builders have always been two separate businesses engaged in different types of work.  <u>Defendants' Motion for Summary Judgment</u>, Ex. A, <u>Affidavit of Jay J. Olsen</u> (Olsen Affidavit), ¶ 3.  According to Olsen, J & L Construction performs only residential work while J & L Builders performs only commercial work.  <u>Id.</u>, ¶¶ 4 & 5.  Olsen states that J & L Construction and J & L Builders "maintain separate books, separate accounting practices, separate bank accounts and have separate clients." <u>Id.</u>, ¶ 6.  Plaintiffs assert that Jay Olsen d/b/a J & L Construction and J & L Builders are a single employer that performs both residential and commercial work.

Plaintiffs' Second Amended Complaint alleges three counts.  Count I, brought by CICHWTF against Jay Olsen d/b/a J & L Builders, alleges that Jay Olsen d/b/a J & L Builders employs individuals who participate in funds administered by CICHWTF.  Count I asserts that Jay Olsen d/b/a J & L

Builders entered into a Participation Agreement on April 27, 1998, recognizing Mid-Central as exclusive bargaining representative and adopting all collective bargaining agreements to which Mid-Central was a party.  The 1998 Mid-Central Participation Agreement, Complaint Exhibit A, is signed by Jay Olsen as owner of J & L Builders.  Count I alleges that the 1998 Mid-Central Participation Agreement obligated Jay Olsen d/b/a J & L Builders to make fringe benefit contributions based on a Collective Bargaining Agreement that is attached as Complaint Exhibit B.  Count I further alleges that Jay Olsen d/b/a J & L Builders was obligated under ERISA to make fringe benefit contributions pursuant to a Trust Agreement attached as Complaint Exhibit C.  According to Count I, Jay Olsen d/b/a J & L Builders failed to pay all of the fringe benefits owed for the period from April 1, 1998, to March 31, 2000.

In Count II, the Welfare, Pension, and Retirement Funds allege that Jay Olsen d/b/a J & L Builders employs individuals who participate in funds that they administer.  Count II asserts that Jay Olsen d/b/a J & L Builders entered into a Memorandum of Agreement on May 14, 1997, recognizing Heartland as exclusive bargaining representative and adopting all collective bargaining agreements to which Heartland was a party.  The Heartland

Memorandum of Agreement, Complaint Exhibit F, is signed by Jay Olsen as owner of J & L Builders. The Welfare, Pension, and Retirement Funds allege that the Heartland Memorandum of Agreement obligated Jay Olsen d/b/a J & L Builders to make fringe benefit contributions based on a Collective Bargaining Agreement that is attached as Complaint Exhibit G. Count II further alleges that Jay Olsen d/b/a J & L Builders was obligated under ERISA to make fringe benefit contributions pursuant to Trust Agreements attached as Complaint Exhibits H, I, and J. According to Count II, examinations of payroll records revealed that Jay Olsen d/b/a J & L Builders failed to pay all of the fringe benefits owed for the period from May 1, 1998, to December 31, 1998 and January 1, 1999, to March 31, 2000.

Count III is brought by CICHWTF and the Welfare, Pension, and Retirement Funds against Jay Olsen d/b/a J & L Construction.[2] Count III alleges that J & L Construction and J & L Builders are a single employer owned and operated by Jay Olsen. According to Count III, Jay Olsen is personally liable for fringe benefits of his employees as alleged in Counts I and II "regardless of whether they were employed by J & L Construction."

---

[2]In its September 12, 2005, Opinion, this Court allowed Plaintiffs' request to amend its pleading, adding the Welfare, Pension, and Retirement Funds as a Plaintiff in Count III.

Second Amended Complaint, p. 9.  Count III references an August 1997

Participation Agreement, Complaint Exhibit N, with Mid-Central that is

signed by Jay Olsen as owner of J & L Construction.   The 1997

Participation Agreement has the words "Commercial Only" handwritten

across the top.  Complaint, Ex. N.  On January 15, 1998, Jay Olsen sent a

letter to Mid-Central stating as follows:

> This letter is to inform you that J & L Construction is no longer
> contracting commercial work.
>
> We will no longer be working under the Collective Bargaining
> Agreement with the Mid-Central Illinois District Council Of
> Carpenters.  Therefore we request termination of our contract
> as of April 30, 1998.

Defendants' Motion for Summary Judgment, Ex. N.  The letter was signed

"J & L Construction, Jay J. Olsen, Owner".  Id.  Mid-Central responded by

letter dated January 20, 1998.  Defendants' Motion for Summary Judgment,

Ex. O.  Mid-Central noted that Olsen's request for termination was not in

the form required under the parties' agreements, but nevertheless accepted

and agreed to it.  Id.  Plaintiffs concede that the August 1997 Participation

Agreement terminated in January 1998.  Plaintiffs' Reply to Defendants'

Joint Response to Plaintiffs' Motion for Summary Judgment (d/e 37)

(Plaintiffs' Reply), p. 11.

Prior to the filing of the instant suit, CICHWTF engaged an auditor, Romolo & Associates, to examine the payroll records of J & L Builders for the period from April 1, 1998, to March 31, 2000, to determine whether J & L Builders was in compliance with its reporting obligations. On May 16, 2000, M. Joseph Romolo, a Certified Public Accountant, issued a document entitled "Independent Accountant's Report On Applying Agreed-Upon Procedures." <u>Defendants' Motion for Summary Judgment</u>, Ex. G, <u>Independent Accountant's Report On Applying Agreed-Upon Procedures, dated May 16, 2000</u> (CICHWTF Romolo Report). The CICHWTF Romolo Report indicates that the auditors applied "certain agreed upon procedures" to the selected payroll records. <u>Id</u>., p. 2. After applying these procedures, the auditors formed the opinion that an additional $15,702.19 was owed by the employer. <u>Id</u>. At summary judgment, based on the CICHWTF Romolo Report, CICHWTF seeks to recover $15,161.35 in additional contributions, liquidated damages, and interest from J & L Builders. Specifically, CICHWTF claims that J & L Builders failed to make contributions for three employees as follows:

| Derek Harken: | 786.25 hours |
| Todd Conklin: | 171.00 hours |
| Jeff Dickerson: | 642.50 hours. |

Plaintiffs' Motion for Summary Judgment, Statement of Undisputed

Material Facts, ¶ 12.

Prior to the filing of the instant suit, the Welfare and Pension Funds

engaged Romolo & Associates to examine the payroll records of J & L

Builders for the period from May 1, 1998, to December 31, 1998.[3]   On

February 17, 1999, M. Joseph Romolo issued a document entitled

"Independent Accountant's Report On Applying Agreed-Upon Procedures."

Defendants' Motion for Summary Judgment, Ex. L, Independent

Accountant's Report On Applying Agreed-Upon Procedures, dated February

17, 1999 (Welfare and Pension Funds Romolo Report).  The Welfare and

Pension Funds Romolo Report indicates that the auditors applied "certain

agreed upon procedures" to the selected payroll records.  Id., p. 2.  After

applying these procedures, the auditors formed the opinion that an

additional $7,687.64 was owed by the employer.  Id.  The Welfare and

---

[3]Plaintiffs do no dispute that the Retirement Fund was not involved in this examination.  Defendants' Motion for Summary Judgment, Statement of Undisputed Material Facts, ¶ 29; Plaintiffs' Response, Statement of Undisputed Material Facts (admitting ¶ 29).

Pension Funds seek to recover this amount.  Specifically, based on the Welfare and Pension Funds Romolo Report, the Welfare and Pension Funds claim that J & L Builders failed to make contributions for four employees as follows:

| | |
|---|---|
| Derek Harken: | 462.00 hours |
| Jeff Dickerson: | 189.25 hours |
| Paul Vesper: | 164.25 hours |
| Richard Wills: | 158.25 hours. |

Plaintiffs' Motion for Summary Judgment, Statement of Undisputed Material Facts, ¶ 13.

Prior to the filing of the instant suit, the Welfare, Pension and Retirement Funds engaged Romolo & Associates to examine the payroll records of J & L Builders for the period from January 1, 1999, to March 31, 2000.  On September 28, 2000, M. Joseph Romolo issued a document entitled "Independent Accountant's Report On Applying Agreed-Upon Procedures."  Defendants' Motion for Summary Judgment, Ex. M, Independent Accountant's Report On Applying Agreed-Upon Procedures, dated September 28, 2000 (Welfare, Pension, and Retirement Funds Romolo Report).  Similar to the other two Romolo Reports, the Welfare, Pension, and Retirement Funds Romolo Report indicates that the auditors

applied "certain agreed upon procedures" to the selected payroll records. Id., p. 2.  After applying these procedures, the auditors formed the opinion that an additional $9,517.19 was owed by the employer.  Id.  In their summary judgment motion, the Welfare, Pension, and Retirement Funds seek to recover $9,306.08 in additional contributions, liquidated damages, and interest from J & L Builders based on the Welfare, Pension, and Retirement Funds Romolo Report.  Specifically, the Welfare, Pension, and Retirement Funds claim that J & L Builders failed to make contributions for three employees as follows:

| | |
|---|---|
| Derek Harken: | 786.25 hours |
| Jeff Dickerson: | 625.00 hours |
| Todd Conklin: | 171.00 hours. |

Plaintiffs' Motion for Summary Judgment, Statement of Undisputed Material Facts, ¶ 14.

## ANALYSIS

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c).  A party moving for summary judgment must present

evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The Court must consider the evidence presented in the light most favorable to the non-moving party.  Any doubt as to the existence of a genuine issue for trial is resolved against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Once the moving party has produced evidence showing that it is entitled to summary judgment, the non-moving party must present evidence to show that issues of fact remain.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  A genuine issue of material fact exists only if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Anderson, 477 U.S. at 248.

Pending before the Court are cross-motions for summary judgment. Plaintiffs assert that they are entitled to summary judgment on each of their claims.  Specifically, Plaintiffs argue that: (1) the Collective Bargaining Agreements with J & L Builders cover residential work, and (2) J & L Builders and J & L Construction are a single employer for ERISA purposes. Thus, Plaintiffs assert that Jay Olsen d/b/a J & L Builders and J & L Construction are liable for the claimed delinquent contributions even if the

employees were working under the J & L Construction name.  Defendants concede that the Collective Bargaining Agreements with J & L Builders cover residential work.  Defendants, however, assert that they are entitled to summary judgment on all of Plaintiffs' claims because: (1) J & L Builders and J & L Construction are separate entities and, during all of the disputed hours, the employees at issue were employed by J & L Construction which was not a party to any collective bargaining agreement with Plaintiffs, and (2) the Romolo Reports are insufficient as a matter of law to support Plaintiffs' claims.  As set forth below, the Court finds that Plaintiffs are entitled to summary judgment as to liability based on the fact that J & L Construction and J & L Builders are a single employer for ERISA purposes.

A.   <u>SINGLE EMPLOYER</u>

Plaintiffs seek to recover contributions for residential work performed under the J & L Construction name.  Under ERISA:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  Defendants assert that J & L Construction is not a party

to any collective bargaining agreement with Plaintiffs that would require it to make contributions.  Plaintiffs point to the 1998 Mid-Central Participation Agreement and the Heartland Memorandum of Agreement. Although these agreements were both signed by Jay Olsen as owner of J & L Builders, Plaintiffs assert that J & L Builders and J & L Construction are a single employer, and thus, J & L Construction is bound by the 1998 Mid-Central Participation Agreement and the Heartland Memorandum of Agreement.

Under ERISA, businesses that are "under common control" are treated as a single employer.  29 U.S.C. § 1301(b)(1).  When two businesses are actually a single employer, then both businesses will be equally liable under a collective bargaining agreement entered on behalf of only one of them.  To determine whether two nominally separate business entities are a single employer, the Court must analyze four factors: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership.  See South Prairie Constr. Co. v. International Union of Operating Engineers, 425 U.S. 800, 803 (1976); Trustees of Pension, Welfare and Vacation Fringe Ben. Funds of IBEW Local 701 v. Favia Elec. Co., Inc., 995 F.2d 785, 788 (7th Cir. 1993).  The

Seventh Circuit has cautioned that none of these factors is conclusive, rather "the decisionmaker must weigh the totality of the circumstances." Favia, 995 F.2d at 788 (citing Esmark, Inc. v. N.L.R.B., 887 F.2d 739, 753 (7th Cir. 1989)). As the Seventh Circuit has noted, the single employer analysis is a fact-intensive inquiry. Id. at 787.

In the instant case, the record reveals that Jay Olsen is the sole owner of both J & L Builders and J & L Construction. Olsen controls the operations, management and labor relations for both J & L Builders and J & L Construction from his home in Normal, Illinois. Olsen personally maintains the time and payroll records for both J & L Builders and J & L Construction. J & L Builders and J & L Construction share one crew of employees. Both J & L Builders and J & L Construction frame buildings. When the employees work on commercial projects, it is under the name J & L Builders. When they work on residential projects, it is under the name J & L Construction. These employees receive one W-2 form which includes income from both J & L Builders and J & L Construction. J & L Builders and J & L Construction share the same FEIN number. However, J & L Builders and J & L Construction operate under separate accounting systems and maintain separate bank accounts.

Thus, in the instant case, there is common management, centralized control of labor relations, common ownership, and common employees for both companies who receive only one W-2 form for income received from both companies.  Also, there is only one FEIN number for the two companies.  The Court notes that no one prong of the single employer analysis is determinative; however, under the relevant test, the Court finds that there are sufficient indicia of common ownership and operation of J & L Builders and J & L Construction such that no reasonable finder of fact could conclude that they are separate entities.

Therefore, because J & L Builders and J & L Construction are a single employer, both companies are equally liable for contributions due under the collective bargaining agreements adopted by the 1998 Mid-Central Participation Agreement and the Heartland Memorandum of Agreement, regardless of whether the work was performed under the name J & L Builders or J & L Construction.  Moreover, Jay Olsen, as the sole proprietor of J & L Builders and J & L Construction, is personally liable for the contributions.  Therefore, summary judgment is appropriate on the single employer issue and is awarded in favor of Plaintiffs on all counts as to liability.  See Anderson, 477 U.S. at 248.

B.    ESTOPPEL

Defendants assert that Plaintiffs are estopped from seeking the contributions at issue based on the fact that Plaintiffs established, through a course of conduct, that contributions were required only for commercial work.  When J & L Builders was presented with the results of the Welfare, and Pension Funds payroll compliance audit for the period May 1, 1998, to December 31, 1998, J & L Builders disputed the amount of alleged delinquent contributions.  By letter dated May 21, 1999, the Welfare, Pension, and Retirement Funds informed J & L Builders that the Trustees had approved the dispute for "the hours worked for residential work based upon the fact that your company had a verbal agreement for commercial work only."  Defendants' Motion for Summary Judgment, Ex. Q.

Similarly, when J & L Builders was presented with the results of the payroll compliance audit conducted for the Welfare, Pension, and Retirement Funds for the period from January 1, 1999, to March 31, 2000, J & L Builders disputed the amounts.  By letter dated September 26, 2001, the Welfare, Pension, and Retirement Funds approved the dispute in part based on the fact that certain identified employees "worked in the jurisdiction of Local 63-Bloomington IL in performance of residential work

on which no fringe benefits are due . . . ."  Defendants' Motion for Summary Judgment, Ex. P.

In a letter dated February 12, 2002, the Welfare, Pension, and Retirement Funds again contacted J & L Builders about the payroll compliance audits for the periods from May 1, 1998, to December 31, 1998, and January 1, 1999, to March 31, 2000.  Plaintiffs' Response to Defendants' Motion for Summary Judgment (d/e 38), Ex. E.  The February 12, 2002, letter informed Olsen that subsequent to the approval of his disputes, the Welfare, Pension, and Retirement Funds received a letter from union representative Don Alsman explaining that the 1998 Mid-Central Participation Agreement included both commercial and residential work. Id.  As a result of the Alsman letter, the Welfare, Pension, and Retirement Funds reevaluated J & L Builders' disputes and rejected them to the extent they relied on a distinction between commercial and residential work.  Id.

Defendants assert that the Welfare, Pension, and Retirement Funds are estopped from seeking these contributions that they previously stated were not owed.  Without citing controlling authority, Defendants contend that the Welfare, Pension, and Retirement Funds change of mind gives rise to estoppel because it is contrary to both the applicable Collective

Bargaining Agreements and the fiduciary duty the Welfare, Pension, and Retirement Funds owe J & L Builders.

Turning to the Collective Bargaining Agreements, as Defendants correctly note, the Mid-Central Collective Bargaining Agreement, states that the occupational scopes set forth in it "are not intended to conflict with established practices . . . ." Complaint, Ex. B, p. 11, ¶ 11. Moreover, the Welfare, Pension, and Retirement Funds do not dispute that they have a fiduciary duty to employers. Defendants, however, fail to show that they are entitled to summary judgment on the Welfare, Pension, and Retirement Funds' claims under an estoppel theory. Estoppel arises when one party makes a misleading representation to another party, which the other party relies upon to its detriment. Central States Trucking Co. v. J.R. Simplot Co., 965 F.2d 431, 435 (7th Cir. 1992). As an initial matter, the Court notes that the first representation identified by the Defendants was not made until May 21, 1999. A portion of the contributions sought by the Welfare, Pension, and Retirement Funds predate this letter. Moreover, Defendants fail to assert that they relied upon either of the identified representations to their detriment. The Welfare, Pension, and Retirement Funds point to evidence that could support a finding that their original

18

approvals of J & L Builders' disputes were based on misinformation.  For all of these reasons, summary judgment is not appropriate against the Welfare, Pension, and Retirement Funds under an estoppel theory.

C.    ROMOLO REPORTS

Defendants argue that certain problems with the Romolo Reports cause them to be insufficient as a matter of law to create a material factual issue as to damages.  As a part of this argument, Defendants proffer that the Romolo Reports are Plaintiffs' sole evidence on damages.  Plaintiffs respond that the combination of the Romolo Reports and portions of Jay Olsen's deposition testimony provide a sufficient basis to establish liability.

Defendants fail to cite any controlling authority in support of their position that the Romolo Reports are insufficient as a matter of law.  Defendants cite Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc. to support their position.  See Central States, 472 U.S. 559 (1985).  Central States, however, holds only that it is reasonable and proper, and not in conflict with ERISA, for the trustee of an ERISA plan to request an audit that conforms to generally accepted auditing standards.  The Central States Court specifically noted that its holding involved only the trustee's right to conduct this type of audit and not the

19

duty to do so.  Id. at 581.  Moreover, viewed in the light most favorable to Plaintiffs, aspects of Olsen's testimony are sufficient to support a finding that a genuine issue of fact exists on the question of damages.  See Plaintiffs' Motion for Summary Judgment, Ex. A., Deposition of Jay Olsen, p. 30-36. Therefore, Defendants are not entitled to summary judgment based on alleged shortcomings in the Romolo Reports.

Plaintiffs assert in their Motion for Summary Judgment that there is no dispute over the hours or calculations contained in the Romolo Reports. Thus, Plaintiffs argue that they are entitled to summary judgment on the amount of damages as well as on liability.  However, as Defendants correctly point out, there are several sets of differing numbers relating to damages before the Court.  See Defendants' Joint Response to Plaintiffs' Motion for Summary Judgment (d/e 35), p. 8 n.1.  The Court further notes that the CICHWTF Romolo Report expressly applies to the period from April 1, 1998 to March 31, 2000.  The 1998 Mid-Central Participation Agreement, upon which CICHWTF relies, was signed April 27, 1998.  Given these discrepancies, the Court finds that Plaintiffs have failed to establish that they are entitled to summary judgment as to the amount of damages.  The amount of damages remains an issue for trial.

THEREFORE, for the reasons set forth above, Plaintiffs' Motion for Summary Judgment (d/e 31) is allowed, in part, and denied, in part. Plaintiffs are entitled to summary judgment in their favor as to liability on Counts 1, 2, and 3.  Plaintiffs' request for summary judgment on the issue of damages is denied.  Defendants Jay J. Olsen d/b/a J & L Builders and J & L Construction's Joint Motion for Summary Judgment (d/e 33) and Plaintiffs' Motion to Strike Defendants' Joint Reply to Plaintiffs' Response to Motion for Summary Judgment (d/e 40) are DENIED.  The matter will proceed to trial on the question of damages.

IT IS THEREFORE SO ORDERED.

ENTER:   June 1, 2006.

FOR THE COURT:

_____ s/  Jeanne E. Scott  _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE