
# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS ) <br> HEALTH AND WELFARE TRUST ) <br> FUND and CARPENTERS ) <br> WELFARE, PENSION AND ) <br> RETIREMENT SAVINGS FUNDS ) <br> OF ILLINOIS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JAY J. OLSEN d/b/a J & L BUILDERS ) <br> and J & L CONSTRUCTION, ) <br> ) <br> Defendants. ) | No. 03-3250 |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on the Defendants' Objections to Plaintiffs' Exhibits (d/e 50), <u>Attachment to Pretrial Order</u>. Defendants object to Plaintiffs' Exhibits 1, 2, 3, 4, 5, 11, and 12 based on various grounds. For the reasons set forth below, the Court reserves ruling on the admissibility of Exhibits 1, 2, 3, 4, and 5 until the Plaintiffs present proper foundation evidence at trial. The Court finds that Exhibits 11 and 12 are hearsay and not admissible at this time. Plaintiffs, however, have leave to

1

attempt to admit Exhibits 11 and 12 during the course of the trial by establishing that a hearsay exception applies.

Defendants object to Plaintiffs' Exhibit 1 (Romolo and Associates' Audit Report dated May 1, 1998 to December 31, 1998), Exhibit 2 (Romolo and Associates' Audit Report dated January 1, 1999 to March 31, 2000), Exhibit 3 (Romolo and Associates' Audit Report dated April 1, 1998 to March 31, 2000), and Exhibit 4 (Romolo and Associates' Invoices) on the basis of hearsay, lack of foundation, Fed. R. Civ. P. 26(a)(2) and Fed. R. Evid. 702 and Fed. R. Evid. 703. Defendants, however, fail to give a detailed explanation of their grounds for objection. The Audit Reports prepared by Joseph Romolo (the Romolo Reports) to determine delinquent contributions owed by the Plaintiffs were calculated applying "certain agreed upon procedures" to the selected payroll records.[1] These agreed upon

---

[1] Plaintiffs have submitted documents to explain what these "agreed upon procedures" entailed. One of the documents provided by the Plaintiffs explains as follows:

**SUPPLEMENT FOR AGREED UPON PROCEDURES**
1. Obtained a basis understanding of the Employer's payroll and fringe benefit reporting system.
2. Obtained access to some or all of the following accounting records from the Employer:
    * Weekly payroll
    * Individual earnings records
    * State unemployment tax Forms, UC-3s
    * Federal payroll tax Forms 941s, 940s, and/or W-2s
    * Other trades fringe benefit reports

procedures did not constitute an audit conducted in accordance with generally accepted auditing standards (GAAS).

The Romolo Reports revealed that for the period from April 1, 1998 to March 31, 2000, Defendant J & L Builders owes Central Illinois Carpenters Health and Welfare Fund and related Funds $15,702.19 for delinquent contributions, interest, and liquidated damages. See Supplement to Plaintiffs' Response to Defendants' Objections to Plaintiffs' Exhibits. The Romolo Reports further revealed that for the period from May 1, 1998 to December 31, 1998, Defendant J & L Builders owes the Carpenters

---

|   |   |
|---|---|
| * | The monthly remittance reports for your Fund |
| * | Job cost records |
| 3. | To determine that we were provided with the entire payroll we performed the following procedure: |
| * | Agreed gross wages per the Employer's payroll records to its payroll tax returns on a test basis. |
| 4. | In order to determine that all hours for covered work were properly reported to the Funds we performed the following test procedures: |
| * | Determined classifications of employees and union affiliation. |
| * | Compared hours worked by covered employees to the hours reported on the Employer's monthly remittance reports. |
| * | Reported all hours as due for employees whose occupation could not be determined. |
| 5. | Reviewed findings with Employer at conclusion of procedures and discussed possible delinquencies. |

(Please see Notes for any scope limitation on the above procedures or additional procedures performed not described above.)

Supplement to Plaintiffs' Response to Defendants' Objections to Plaintiffs' Exhibits (d/e 48), Exhs. B1, B2, B3, Supplement for Agreed Upon Procedures.

Welfare and Pension Funds of Illinois $7,687.64 for delinquent contributions, interest, and liquidated damages. Id. According to the Romolo Reports, for the period from January 1, 1999 to March 31, 2000, Defendant J & L Builders owes the Carpenters Welfare and Pension Funds of Illinois $9,517.19 for delinquent contributions, interest, and liquidated damages. Id.

Plaintiffs state that they will lay the necessary foundation for the admissibility of the Romolo Reports during the course of the trial. The Court therefore reserves ruling on the admissibility of the Romolo Reports (Exhibits 1, 2, 3, and 4) until the Plaintiffs present proper foundation evidence at trial. Plaintiffs further contend that they will lay the proper foundation for the admissibility of Romolo & Associates' invoices during the course of the trial. The Court similarly reserves ruling on the admissibility of the invoices (Exhibit 5) until the Plaintiffs present proper foundation evidence at trial.

Defendants next object to Plaintiffs' Exhibit 5 (James P. Moody's Third Amended Affidavit in Support of Attorney Fees) on the grounds of lack of foundation and lack of specificity. Plaintiffs state that they will lay the necessary foundation for the admissibility of the Affidavit of attorney's

fees during the course of the trial.  Given this assertion by the Plaintiffs, the Court will reserve ruling on this issue until the Plaintiffs present proper foundation evidence at trial.

Defendants object to Plaintiffs' Exhibits 11 (Letter to IECB from Donald Alsman dated October 9, 2001) and 12 (Letter to Jay Olsen from Patricia M. Shales, Collection Manager of the Carpenters Welfare, Pension and Retirement Savings Funds of Illinois) based on the grounds of lack of foundation and hearsay.  Defendants do not expound on their reasons for objecting to the above exhibits.  Similarly, Plaintiffs do not make any argument with respect to the admissibility of these exhibits at trial.  The Court notes that Defendants have waived authentication with respect to both of the exhibits.  See Pretrial Order, Exh. 4, Plaintiffs' Exhibit List.

The Court finds that the letters are hearsay.  Plaintiffs have presented no foundation evidence to show that an exception to the hearsay rule applies.  Exhibits 11 and 12 are therefore not admissible.  Plaintiffs, however, may attempt to admit the letters at trial if they can establish that a hearsay exception applies.

THEREFORE, for the reasons set forth above, the Court reserves ruling on the admissibility of Exhibits 1, 2, 3, 4, and 5 until the Plaintiffs

present proper foundation evidence at trial. The Court finds that Exhibits 11 and 12 are hearsay and not admissible at this time. Plaintiffs, however, have leave to attempt to admit Exhibits 11 and 12 during the course of the trial by establishing that a hearsay exception applies.

IT IS THEREFORE SO ORDERED.

ENTER: November 15, 2006.

    FOR THE COURT:

                          s/ Jeanne E. Scott
                          JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE